UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CLAUDE LETOURNEAU,
and CINDY LYNN THIBAULT,
        Plaintiffs,                        CASE NO.    0:17-cv-60082-BB

vs.

CITY OF PEMBROKE PINES, FLORIDA,
AND MELODIE CARPIO, individually,

        Defendants.
_____/

## AMENDED COMPLAINT (JOINDER OF PARTY)[1]

1)       This is a civil action seeking money damages in excess of $15,000, exclusive of costs, interest, and attorney's fees, by CLAUDE LETOURNEAU [hereafter "Plaintiff LETOURNEAU"] and CINDY LYNN THIBAULT [hereafter "Plaintiff THIBAULT"] against MELODIE CARPIO [hereafter "Defendant CARPIO"], individually, and CITY OF PEMBROKE PINES, FLORIDA [hereafter "Defendant CITY"].

2)       This is an action for injunctive relief and money damages that raises federal claims for Constitutional violations of 42 U.S.C. § 1983 and the Driver's Privacy Protection Act of 1994, 18 U.S.C. § 2721-2725 [hereafter "DPPA"].

3)       This action is brought pursuant to 42 U.S.C. § 1983, 42 U.S.C. § 1988, the Fourth Amendment and Fourteenth Amendment of the United States Constitution, and the laws of the State of Florida.  Jurisdiction is based upon 28 U.S.C. § 1331 and § 1343.

4)       The amount at issue in this case, excluding interest and costs, exceeds the minimum jurisdictional limits of this Court.

## THE PARTIES

5)       Plaintiff LETOURNEAU is a resident of Broward County, Florida and is

---

[1] The Joinder of Cindy Lynn Thibault as a Plaintiff is appropriate pursuant to Rule 20 of the Federal Rules of Civil Procedure.  The four causes of action she asserts are identical to the four causes of action asserted by Plaintiff Claude Letourneau, merely with variations of facts, such as dates and number of violations.

subject to the jurisdiction of this Court.

6) Plaintiff THIBAULT is a resident of Broward County, Florida and is subject to the jurisdiction of this Court.

7) Defendant CITY is a municipal corporation located in BROWARD COUNTY, FLORIDA.

8) Defendant CARPIO, at all times material, was employed as a law enforcement officer acting in the capacity of agent, servant, and employee of Defendant CITY.

## FACTS

9) In an effort to further ensure that United States citizens' fundamental right to privacy is protected, Congress enacted the DPPA in 1994. The DPPA seeks to protect individuals from corporations, states, and state officials improperly obtaining, disclosing, or using personal information.

10) "Personal information" is defined in 18 U.S.C. § 2725(3) as

> Information that identified an individual, including an individual's photograph, social security number, driver identification number, name, address (but not the 5-digit zip code), telephone number, and medical or disability information, but does not include information on vehicular accidents, driving violations, and driver's status.

11) "Highly restricted personal information" is defined in 18 U.S.C. § 2725(4) as "an individual's photograph or image, social security number, medical or disability information."

12) Defendant CITY utilizes a variety of databases and reports to assist in their criminal investigations and/or to gather information or intelligence in such investigations.

13) One such database is the Driver and Vehicle Identification Database [hereafter "DAVID"], which stores both "personal information" and "highly restricted personal

information."

14) Another such database is the Florida and National Crime Information Centers [hereafter "FCIC/NCIC"], which also stores both "personal information" and "highly restricted personal information."

15) Permissible access by Defendant CITY and its employees to DAVID and FCIC/NCIC is strictly limited to law enforcement purposes and may only be accessed for legitimate reasons.

16) In or about May, 2014, Defendant CARPIO began impermissibly accessing Plaintiff LETOURNEAU's "personal information" and/or "highly restricted personal information" via both DAVID and FCIC/NCIC.

17) Since May, 2014, Defendant CARPIO continued to impermissibly access Plaintiff LETOURNEAU's "personal information" and/or "highly restricted personal information" via both DAVID (approximately 90 times) and FCIC/NCIC (approximately 11 times).

18) In or about November, 2013, Defendant CARPIO began impermissibly accessing Plaintiff THIBAULT's "personal information" and/or "highly restricted personal information" via both DAVID and FCIC/NCIC.

19) Since November, 2013, Defendant CARPIO continued to impermissibly access Plaintiff THIBAULT's "personal information" and/or "highly restricted personal information" via both DAVID (approximately 95 times) and FCIC/NCIC (approximately 57 times).

20) Defendant CARPIO used the information obtained by impermissibly accessing DAVID and FCIC/NCIC to send harassing, vile, and threatening correspondences to Plaintiffs and otherwise significantly intrude in their privacy and life.

21) In 2016, Defendant CARPIO admitted to Defendant CITY's Internal Affairs Investigators during an investigation into her misuse and abuse of DAVID and FCIC/NCIC searches that she impermissibly accessed Plaintiffs' "personal information" and/or "highly

restricted personal information" out of curiosity. When asked by Defendant CITY's Internal Affairs Investigators about the stunning number of times she impermissibly accessed Plaintiffs' "personal information" and/or "highly restricted personal information," Defendant CARPIO replied that it was "a lot of curiosity."

22)     On or about December 26, 2016, Defendant CITY issued a letter indicating that Defendant CARPIO had violated several departmental rules, including that she impermissibly obtained Plaintiffs' privileged information via both DAVID and FCIC/NCIC searches.

23)     Upon information and belief, Defendant CARPIO and other employees of Defendant CITY impermissibly accessed citizens' "private information" and/or "highly restricted personal information" via DAVID and FCIC/NCIC searches consistently over the course of several years, and throughout that period, Defendant CITY provided essentially unbridled access to DAVID and FCIC/NCIC, inviting such misuse and abuse.

24)     At all times material, Defendant CITY failed to implement remotely reasonable controls, policies, or mechanisms to prevent such misuse and abuse.

## COUNT I – PLAINTIFF LETOURNEAU -- VIOLATION OF DPPA AGAINST DEFENDANT CARPIO

25)     Plaintiff LETOURNEAU realleges and incorporates paragraphs 1 through 24 above as if specifically restated herein.

26)     The DPPA, in 18 U.S.C. § 2724, explicitly confers on Plaintiff LETOURNEAU the following cause of action and remedies based on Defendant CARPIO's actions:

> **(a)     Cause of Action. – A person who knowingly obtains, discloses or uses personal information, from a motor vehicle record, for a purpose not permitted under this chapter shall be liable to the individual to whom the information pertains, who may bring a civil action in a United States district court.**
> **(b)     Remedies. – The court may award –**
> > **(1)     actual damages, but not less than liquidated**

>    **damages in the amount of $2,500;**
>    **(2)     punitive damages upon proof of willful or reckless disregard of the law;**
>    **(3)     reasonable attorneys' fees and other litigation costs reasonably incurred; and**
>    **(4)     such other preliminary and equitable relief as the court determines to be appropriate.**

27)     Defendant CARPIO knowingly obtained, disclosed or used Plaintiff LETOURNEAU's "personal information" and/or "highly restricted personal information" for purposes not permitted under the DPPA.

28)     Plaintiff LETOURNEAU has suffered and continues to suffer harassment, risk of economic harm or identity theft by virtue of his "personal information" or "highly restricted personal information" being impermissibly obtained, disclosed or used by Defendant CARPIO.

29)     Defendant CARPIO's actions and Plaintiff LETOURNEAU's injuries are among the chief abuses and harms Congress sought to deter by enacting DPPA and its statutory remedies.

30)     Plaintiff LETOURNEAU is entitled to a monetary award of liquidated damages of at least $2,500 per search by Defendant CARPIO which violated the DPPA.

31)     Defendant CARPIO's actions were in willful or reckless disregard of the law, thereby entitling Plaintiff LETOURNEAU to punitive damages under the DPPA.

32)     Plaintiff LETOURNEAU is entitled to recover reasonable attorneys' fees and other litigation costs reasonably incurred during the pendency of this litigation.

WHEREFORE, Plaintiff LETOURNEAU demands trial by jury as to all issues so triable and judgment for damages against Defendant CARPIO, for actual damages, but not less than liquidated damages in the amount of $2,500 per search by Defendant CARPIO which violated the DPPA, punitive damages for willful or reckless disregard of the law, and reasonable attorneys' fees and costs incurred in litigating this matter, as well as other equitable relief this

Court may grant to Plaintiff LETOURNEAU.

## COUNT II – PLAINTIFF LETOURNEAU -- VIOLATION OF PLAINTIFF'S 42 U.S.C. § 1983 CIVIL RIGHTS AGAINST DEFENDANT CARPIO

33)  Plaintiff LETOURNEAU realleges and incorporates paragraphs 1 through 24 above as if specifically restated herein.

34)  Defendant CARPIO, acting under color of law, knew or should have known that her impermissible searches violated Plaintiff LETOURNEAU's clearly established rights under the Fourth and/or Fourteenth Amendments of the United States Constitution.

35)  At all times material, Defendant CARPIO's actions were in willful or reckless disregard of the law and Plaintiff LETOURNEAU's civil rights, thereby entitling Plaintiff LETOURNEAU to punitive damages.

36)  As a direct and proximate cause of Defendant CARPIO's actions, Plaintiff LETOURNEAU has suffered economic and non-economic damages.

WHEREFORE, Plaintiff LETOURNEAU demands trial by jury as to all issues so triable and judgment for damages against Defendant CARPIO, for compensatory and economic damages, and punitive damages for reckless or willful disregard of the law, and reasonable attorney's fees and costs, as well as other equitable relief this Court may grant to Plaintiff LETOURNEAU.

## COUNT III – PLAINTIFF LETOURNEAU -- VIOLATION OF DPPA AGAINST DEFENDANT CITY (VICARIOUS LIABILITY)

37)  Plaintiff LETOURNEAU realleges and incorporates paragraphs 1 through 24 above as if specifically restated herein.

38)  Defendant CARPIO's violations of DPPA were taken with apparent and/or actual authority as an employee, servant, or agent of Defendant CITY, acting within the course and scope of her employment, inasmuch as the actions were ongoing for over two years without intervention or discipline.

39) Defendant CITY is vicariously liable for the impermissible actions of Defendant CARPIO, as Congress did not proscribe such liability when enacting the DPPA, nor has it amended the DPPA to address it.  Further, federal courts that have addressed the issue have uniformly and expressly stated that the DPPA does provide a vicarious liability cause of action.

40) "The DPPA creates a form of tort liability, and I see nothing indicating that Congress did not intend to incorporate ordinary tort-related vicarious liability rules into the DPPA." *Schierts v City of Brookfield*, 868 F. Supp. 2d 818, 819-21 (E.D. Wisconsin 2012).

41) The obvious public policy importance behind such liability is to ensure that employers adopt appropriate mechanisms to prevent flagrant and consistent misuse or abuse of such personal information.

42) As a direct and proximate cause of the DPPA violations, Plaintiff LETOURNEAU is entitled to a monetary award of liquidated damages of at least $2,500 per search by Defendant CARPIO which violated the DPPA, and is entitled to recover reasonable attorneys' fees and other litigation costs reasonably incurred during the pendency of this litigation.

WHEREFORE, Plaintiff LETOURNEAU demands trial by jury as to all issues so triable and judgment for damages against Defendant CITY, for actual damages, but not less than liquidated damages in the amount of $2,500 per search by Defendant CARPIO which violated the DPPA, and reasonable attorneys' fees and costs incurred in litigating this matter, as well as other equitable relief this Court may grant to Plaintiff LETOURNEAU.

### COUNT IV – PLAINTIFF LETOURNEAU -- VIOLATION OF PLAINTIFF'S 42 U.S.C. § 1983 CIVIL RIGHTS AGAINST DEFENDANT CITY (*MONELL* CLAIM)

43) Plaintiff LETOURNEAU realleges and incorporates paragraphs 1 through 24 above as if specifically restated herein.

44) Defendant CITY, via the unbridled access to DAVID and FCIC/NCIC its policies, customs, or usages provided employees, permitted widespread flagrant misuse and

abuse of databases like DAVID and FCIC/NCIC.

45) The actions of Defendant CITY's employees, in impermissibly accessing private information from databases like DAVID and FCIC/NCIC, were taken under color of law.

46) The failure to implement remotely reasonable controls, policies, or mechanisms to prevent flagrant and consistent misuse and abuse of DAVID and FCIC/NCIC, constitutes deliberate indifference to Plaintiff LETOURNEAU's constitutionally protected rights under the Fourth and Fourteenth Amendments to the United States Constitution.

47) Defendant CITY had actual or constructive notice that its policies, customs, or usages were woefully inadequate to prevent widespread and flagrant misuse and abuse of DAVID and FCIC/NCIC by its employees.

48) Defendant CITY's deliberate indifference was the cause-in-fact, proximate cause, and/or moving force behind Plaintiff LETOURNEAU suffering a constitutional deprivation of his civil rights.

49) As a result of such deprivation, Plaintiff LETOURNEAU has suffered damages, which are either permanent or continuing in nature.

WHEREFORE, Plaintiff LETOURNEAU demands trial by jury as to all issues so triable and judgment for damages against Defendant CITY for compensatory and economic damages, and attorneys' fees and costs, as well as other equitable relief as this Court may grant to Plaintiff LETOURNEAU.

## COUNT V – PLAINTIFF THIBAULT -- VIOLATION OF DPPA AGAINST DEFENDANT CARPIO

50) Plaintiff THIBAULT realleges and incorporates paragraphs 1 through 24 above as if specifically restated herein.

51) The DPPA, in 18 U.S.C. § 2724, explicitly confers on Plaintiff THIBAULT the following cause of action and remedies based on Defendant CARPIO's actions:

>   **(c)     Cause of Action. – A person who knowingly obtains, discloses or uses personal information, from a motor vehicle record, for a purpose not permitted under this chapter shall be liable to the individual to whom the information pertains, who may bring a civil action in a United States district court.**
>   **(d)     Remedies. – The court may award –**
>   **(5)     actual damages, but not less than liquidated damages in the amount of $2,500;**
>   **(6)     punitive damages upon proof of willful or reckless disregard of the law;**
>   **(7)     reasonable attorneys' fees and other litigation costs reasonably incurred; and**
>   **(8)     such other preliminary and equitable relief as the court determines to be appropriate.**

52)     Defendant CARPIO knowingly obtained, disclosed or used Plaintiff THIBAULT's "personal information" and/or "highly restricted personal information" for purposes not permitted under the DPPA.

53)     Plaintiff THIBAULT has suffered and continues to suffer harassment, risk of economic harm or identity theft by virtue of his "personal information" or "highly restricted personal information" being impermissibly obtained, disclosed or used by Defendant CARPIO.

54)     Defendant CARPIO's actions and Plaintiff THIBAULT's injuries are among the chief abuses and harms Congress sought to deter by enacting DPPA and its statutory remedies.

55)     Plaintiff THIBAULT is entitled to a monetary award of liquidated damages of at least $2,500 per search by Defendant CARPIO which violated the DPPA.

56)     Defendant CARPIO's actions were in willful or reckless disregard of the law, thereby entitling Plaintiff THIBAULT to punitive damages under the DPPA.

57)     Plaintiff THIBAULT is entitled to recover reasonable attorneys' fees and other litigation costs reasonably incurred during the pendency of this litigation.

WHEREFORE, Plaintiff THIBAULT demands trial by jury as to all issues so triable and judgment for damages against Defendant CARPIO, for actual damages, but not less than liquidated damages in the amount of $2,500 per search by Defendant CARPIO which violated the DPPA, punitive damages for willful or reckless disregard of the law, and reasonable attorneys' fees and costs incurred in litigating this matter, as well as other equitable relief this Court may grant to Plaintiff THIBAULT.

## COUNT VI – PLAINTIFF THIBAULT -- VIOLATION OF PLAINTIFF'S 42 U.S.C. § 1983 CIVIL RIGHTS AGAINST DEFENDANT CARPIO

58) Plaintiff THIBAULT realleges and incorporates paragraphs 1 through 24 above as if specifically restated herein.

59) Defendant CARPIO, acting under color of law, knew or should have known that her impermissible searches violated Plaintiff THIBAULT's clearly established rights under the Fourth and/or Fourteenth Amendments of the United States Constitution.

60) At all times material, Defendant CARPIO's actions were in willful or reckless disregard of the law and Plaintiff THIBAULT's civil rights, thereby entitling Plaintiff THIBAULT to punitive damages.

61) As a direct and proximate cause of Defendant CARPIO's actions, Plaintiff THIBAULT has suffered economic and non-economic damages.

WHEREFORE, Plaintiff THIBAULT demands trial by jury as to all issues so triable and judgment for damages against Defendant CARPIO, for compensatory and economic damages, and punitive damages for reckless or willful disregard of the law, and reasonable attorney's fees and costs, as well as other equitable relief this Court may grant to Plaintiff THIBAULT.

## COUNT VII – PLAINTIFF THIBAULT -- VIOLATION OF DPPA AGAINST DEFENDANT CITY (VICARIOUS LIABILITY)

62) Plaintiff THIBAULT realleges and incorporates paragraphs 1 through 24 above

as if specifically restated herein.

63) Defendant CARPIO's violations of DPPA were taken with apparent and/or actual authority as an employee, servant, or agent of Defendant CITY, acting within the course and scope of her employment, inasmuch as the actions were ongoing for over two years without intervention or discipline.

64) Defendant CITY is vicariously liable for the impermissible actions of Defendant CARPIO, as Congress did not proscribe such liability when enacting the DPPA, nor has it amended the DPPA to address it.  Further, federal courts that have addressed the issue have uniformly and expressly stated that the DPPA does provide a vicarious liability cause of action.

65) "The DPPA creates a form of tort liability, and I see nothing indicating that Congress did not intend to incorporate ordinary tort-related vicarious liability rules into the DPPA." *Schierts v City of Brookfield*, 868 F. Supp. 2d 818, 819-21 (E.D. Wisconsin 2012).

66) The obvious public policy importance behind such liability is to ensure that employers adopt appropriate mechanisms to prevent flagrant and consistent misuse or abuse of such personal information.

67) As a direct and proximate cause of the DPPA violations, Plaintiff THIBAULT is entitled to a monetary award of liquidated damages of at least $2,500 per search by Defendant CARPIO which violated the DPPA, and is entitled to recover reasonable attorneys' fees and other litigation costs reasonably incurred during the pendency of this litigation.

WHEREFORE, Plaintiff THIBAULT demands trial by jury as to all issues so triable and judgment for damages against Defendant CITY, for actual damages, but not less than liquidated damages in the amount of $2,500 per search by Defendant CARPIO which violated the DPPA, and reasonable attorneys' fees and costs incurred in litigating this matter, as well as other equitable relief this Court may grant to Plaintiff THIBAULT.

**COUNT VIII – PLAINTIFF THIBAULT -- VIOLATION OF PLAINTIFF'S 42 U.S.C. § 1983 CIVIL RIGHTS AGAINST DEFENDANT CITY (*MONELL* CLAIM)**

68) Plaintiff THIBAULT realleges and incorporates paragraphs 1 through 24 above as if specifically restated herein.

69) Defendant CITY, via the unbridled access to DAVID and FCIC/NCIC its policies, customs, or usages provided employees, permitted widespread flagrant misuse and abuse of databases like DAVID and FCIC/NCIC.

70) The actions of Defendant CITY's employees, in impermissibly accessing private information from databases like DAVID and FCIC/NCIC, were taken under color of law.

71) The failure to implement remotely reasonable controls, policies, or mechanisms to prevent flagrant and consistent misuse and abuse of DAVID and FCIC/NCIC, constitutes deliberate indifference to Plaintiff THIBAULT's constitutionally protected rights under the Fourth and Fourteenth Amendments to the United States Constitution.

72) Defendant CITY had actual or constructive notice that its policies, customs, or usages were woefully inadequate to prevent widespread and flagrant misuse and abuse of DAVID and FCIC/NCIC by its employees.

73) Defendant CITY's deliberate indifference was the cause-in-fact, proximate cause, and/or moving force behind Plaintiff THIBAULT suffering a constitutional deprivation of his civil rights.

74) As a result of such deprivation, Plaintiff THIBAULT has suffered damages, which are either permanent or continuing in nature.

WHEREFORE, Plaintiff THIBAULT demands trial by jury as to all issues so triable and judgment for damages against Defendant CITY for compensatory and economic damages, and attorneys' fees and costs, as well as other equitable relief as this Court may grant to Plaintiff THIBAULT.

DATED this 19th day of January, 2017.


s/ Michael Glasser

_____

Michael Glasser
Florida Bar Number:  0554367
Rudenberg & Glasser, P.A.
Attorney for Plaintiff
633 SE 3rd Avenue, Suite 4F
Ft. Lauderdale, FL 33301
(954) 463-9518