UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 17-60082-BB

CLAUDE LETOUREAU,
and CINDY LYNN THIBAULT,

      Plaintiffs,


      v.


CITY OF PEMBROKE PINES, FLORIDA,
and MELODIE CARPIO,

      Defendants

_____/


## DEFENDANT CARPIO's
## ANSWER AND AFFIRMATIVE DEFENSES

Defendant Melodie Carpio files this Answer and Affirmative Defenses to the

Second Amended Complaint (ECF No. 15).

## ANSWER

1. Jurisdictional allegations stating type of case, no response required.

2. Statement of the cause of action, no response required.

3. Causes of action described, no response described.

4. Denied.

5. Without knowledge.

6.  Without knowledge.

7.  Admit.

8.  Admit.

9.  Denied.

10. Statute speaks for itself, no response required.

11. Statute speaks for itself, no response required.

12. Admit.

13. Statute speaks for itself, no response required.

14. Statute speaks for itself, no response required.

15. Admit.

16. Denied.

17. Denied.

18. Denied.

19. Denied.

20. Denied.

21. City dismissed from the case, therefore, Denied.

22. Admit.

23. Denied.

24. Denied.

25. Denied.

26. Denied.

27. Denied.

28. Denied.

Count I

29. Same allegations referenced, same responses.

30. Denied.

31. Denied.

32. Denied.

33. Denied.

34. Denied.

35. Denied.

36. Denied.

37. Denied.

Count II - Dismissed.  No response required.

Count III - Dismissed. No response required.

Count IV - Dismissed. No response required.

Count V

55. – 62.  Denied.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, would allege and assert the Plaintiff has failed to make sufficient allegations of ultimate fact from which it can be determined that a claim for relief has been stated.

### SECOND AFFIRMATIVE DEFENSE

Plaintiffs do not have actual damages. Punitive damages are not appropriate. Plaintiffs are only entitled to liquidated damages with a cap of $2,500 per plaintiff.

### THIRD AFFIRMATIVE DEFENSE

Defendant is entitled to qualified immunity as all times material she acted within his discretionary capacity as a police officer and at no time acted in any way that would violate any clearly established rights guaranteed to the Plaintiff under any statutory and/or common law, or which a reasonable person and/or reasonable officer would have known.

### FOURTH AFFIRMATIVE DEFENSE

The Plaintiffs failed to mitigate their alleged damages.

### FIFTH AFFIRMATIVE DEFENSE

Defendant's purpose in accessing information was proper under the DPPA.

### SIXTH AFFIRMATIVE DEFENSE

Damages should be offset by any statutory and/or common law violations of

Plaintiffs of Defendant.

Defendant reserve the right to amend and supplement these affirmative defenses adding such affirmative defenses as may appear to be appropriate upon further discovery being conducted in this case.

## DEMAND FOR JURY TRIAL

Defendant demands a trial by jury on all issues so triable.

Respectfully submitted,

Robert C. Buschel, Esq.
BUSCHEL GIBBONS, P.A.
100 S.E. Third Avenue, Suite 1300
Fort Lauderdale, Florida  33394
Tele:  (954) 530-5301

By: __/s/ Robert C. Buschel_____
ROBERT C. BUSCHEL
Florida Bar No. 0063436

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on April 12, 2017, I electronically filed the foregoing with the Clerk of Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached service list in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notice of Electronic filing.

BUSCHEL GIBBONS, P.A.

BY: /s/ Robert Buschel
ROBERT C. BUSCHEL

cc:
Michael Glasser
Rudenberg & Glasser
633 Southeast 3rd Avenue, #401
Fort Lauderdale, FL. 33301
Attorneys for Plaintiffs